{¶ 44} I respectively dissent because the city knew-before the public hearing required under Cincinnati Building Code ("CBC") 1101-57.2(1) — that Baker represented York Masons and that his contact information did not correspond with what had been on record in the Hamilton County Land Records. Cincinnati *Page 14 
nonetheless sent the hearing notice to the "interested party" as determined by "the official land records of Hamilton County." Because Cincinnati knew that there had been an interested party, the failure to notify that known interested party at that party's known address must have been a due-process violation even if the purported notice complied with CBC 1101-57.2(1) (requiring that notice be sent to interested parties as determined by the official land records of Hamilton County). Cincinnati's statutory scheme is reasonably calculated to provide notice in the ordinary case; but this case is not ordinary. And in this case, Cincinnati's purported notice could not have been reasonably calculated to reach York Masons: Cincinnati knew that (1) the numerous notices sent to 789 North Fred Shuttlesworth Circle had all been returned unclaimed, (2) the building had been vacant, and (3) Baker had earlier come forth as an interested party. Baker was entitled to notice of the demolition hearing.
 {¶ 45} The hearing affords the interested party the opportunity to appear and be heard in person, or by an attorney, in opposition to the proposed demolition of the building, and to do all of the following: (1) Present the party's position, arguments, and contentions; (2) offer and examine witnesses and present evidence in support; (3) cross-examine witnesses purporting to refute the party's position, arguments, and contentions; (4) offer evidence to refute evidence and testimony offered in opposition to the party's position, arguments, and contentions; and (5) proffer any such evidence into the record, if the admission of it is denied by the director of buildings and inspections.
 {¶ 46} The February 2002 demolition hearing enabled the property to be demolished. And after the hearing, it was game, set, and match against Baker. This is why notice of the hearing was vital. The majority relies on the fact that Baker had *Page 15 
actual knowledge of the scheduled demolition in November when he saw the demolition equipment on the property; but Baker's actual knowledge in November 2002 could not have cured the due-process violation that had occurred when the city failed to notify him — a known interested party — of the demolition hearing. I also note that the city was able to easily find Baker when the demolition bills (costs and fines) became due.
 {¶ 47} In this instance, the city's excuse (that it complied with CBC procedures) was of no avail: it had actual knowledge of an interested party (Baker), and it failed to notify him of the demolition hearing. The hearing enabled the razing. After the hearing, Baker's intervening knowledge of the demolition was inadequate to cure the lack of notice and the resulting due-process violation that led to the demolition order in the first instance.
 {¶ 48} The trial court got it right, and I would affirm its judgment. *Page 1